Common Pleas Court of Hamilton County.

ROOS BROTHERS v. SYKES & HAYES.

Decided, May 7, 1913.

*Judgment on Failure to Answer—Can Not be Rendered on Motion of Plaintiff, When—But may be Final though Wrongly Rendered.*

1. Where one asserts an amount due for a claim which in its nature can not be split—and the defendant admits the claim but sets a lesser amount as its value—a court can not on motion of the plaintiff under Section 11592, General Code, render a judgment as in default (*Weaver v. Carnahan,* 37 Ohio St., 363, followed); - but

2. If such a judgment be rendered a court will not thereafter vacate it at the request of the plaintiff and against the objection of the defendant (*Weaver v. Carnahan, supra*); and

3. Such a judgment is final and is a bar to any proceeding to recover the balance of the original claim.

*J. Sagmeister,* for plaintiffs.
*Little & Stark,* contra.

DICKSON, J.

The plaintiffs duly filed their action for $225 for services rendered as experts, in investigating and then in testifying before a court.

The answer contains a general denial and an assertion of facts in substance the same as in the petition, and says that the

services alleged and rendered are worth $75, which amount they are ready and willing to pay.

A reply filed is a general denial.

Upon such facts, upon motion made by plaintiffs, this court heretofore duly entered judgment herein for $75 and awarded execution, and the order contained a reservation of non-prejudice as to interest and the balance of the claim.

Although the defendants duly entered exceptions none were used in any attempted proceedings in error, and the time for error has passed.

Now upon call before a jury, but before the jury was qualified, the defendant in open court orally claimed that the former judgment having been acquiesced in by silence and payment of costs and by the sending of a check in payment of the judgment, is a bar to any further proceedings. The plaintiffs then thereupon in open court requested that the former judgment herein be vacated and that the case proceed as on the original claim. This was objected to.

The motion for judgment was improperly granted, because the claim for services, in amount $225, was indivisible and could not have been split—and such a claim does not, in default, come under Section 11592, General Code.

Can the plaintiffs, because they desire, vacate their judgment; and also,

Are the defendants entitled to a judgment non-suiting the plaintiffs as to the balance?

The court is of the opinion it has no power to grant the motion to vacate the judgment after term, and that the judgment heretofore rendered at the request of the plaintiffs having been acquiesced in by the defendants, is final and a bar to further proceedings. *Weaver* v. *Carnahan*, 37 Ohio St., 363, followed.